# JUDGE McKENNA

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

**'09 CIV  7554**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COSCO (GUANGDONG) SHIPYARD
CO., LTD.,

                    Plaintiff,

          v.

KYODO CORPORATION,

                    Defendant.

---

09 Civ.

**VERIFIED COMPLAINT**

Plaintiff COSCO (GUANGDONG) SHIPYARD CO., LTD. ("Plaintiff"), by its

attorneys Blank Rome LLP, complaining of the above-named Defendant KYODO

CORPORATION ("Defendant"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more

fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction.  The

action is also brought pursuant to 9 U.S.C. § 8.

2.    At all material times, Plaintiff was and now is a foreign company organized

and existing under the laws of the Peoples Republic of China.

133027.00601/6773580v.1

3.     At all material times, Defendant was and now is a corporation organized and existing under the laws of Japan.

## THE BASIC FACTS

4.     Plaintiff entered into a contract of ship repair of the M/V KYODO PROGRESS dated on or about April 2, 2009 (the "Repair Contract"). Exhibit 1 to the accompanying Rule B affidavit.

5.     Plaintiff repaired the Vessel and received the first installment due from Defendant, before the Vessel sailed, of $245,000. Rule B Aff. Ex. 2   Thereafter, Defendant defaulted in making the three remaining installment payments in the sum of $795,000.

6.     Plaintiff has, pursuant to its terms and conditions governing the Repair Contract, commenced arbitration before the Shanghai Sub-Commission of China Maritime Arbitration Commission and demanded arbitration by notice dated August 7, 2009. Rule B Aff. Ex. 3.

7.     This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

8.     Plaintiff repeats paragraphs 1 through 7 as if fully set forth herein.

9.     Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its attorneys' fees and arbitrators' fees which are routinely awarded in Shanghai arbitration and no security for Plaintiff's claim has been posted by Defendants or anyone acting on its behalf to date.

10.    At best as can now be estimated, Plaintiff expects to recover the following

amounts in the arbitration:

|     |     |     |
| --- | --- | --- |
| A. | On the principal claim | $795,000 |
| B. | Estimated Recoverable Lawyers and Arbitrators' Fees & "Costs" | $100,000 |
| C. | Interest over the course of 3 years at prime rate average of 6% per annum: | <u>$143,000</u> |
|     | **TOTAL:** | $1,038,000 |

11.    Defendant cannot be found within this district within the meaning of Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the

pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire,

and/or credits in the hands of garnishees in this District, including but not limited to

electronic fund transfers and/or CHIPS credits, because Defendant conducts business

internationally in U.S. Dollars, paid the first installment payment in U.S. dollars and all

electronic fund transfers are processed by intermediary banks in the United States,

primarily in New York.

12.    Plaintiff's belief that Defendant's property may be found in this District is

based on the fact that Defendant previously made the installment payment to Plaintiff in

U.S. dollars via The Bank of Tokyo-Mitsubishi, which is a Clearing House or "CHIPS"

member bank.

13. The named garnishee banks all participate in the CHIPS system in New York to send U.S. dollar wire transfers between banks in the United States and through the world.

14. Accordingly, Plaintiff believes that some assets of Defendant in U.S. dollars EFTs will be transferred through intermediary CHIPS banks, including the named garnishee banks.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendants up to the amount of $1,038,000 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

D.    That this Court retain jurisdiction over this matter through the entry of a

judgment or award associated with the pending claims including appeals thereof.

E.    That Plaintiff may have such other, further and different relief as may be

just and proper.

Dated: New York, NY
       August 28, 2009

                              Respectfully submitted,
                              BLANK ROME LLP
                              Attorneys for Plaintiff

                         By   _Jeremy J.O. Harwood_
                              Jeremy J.O. Harwood
                              405 Lexington Avenue
                              New York, NY 10174
                              Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1.      I am a member of the bar of this Honorable Court and of the firm of Blank

Rome LLP, attorneys for Plaintiff.

2.      I have read the foregoing Complaint and I believe the contents thereof are

true.

3.      The reason this Verification is made by deponent and not by Plaintiff is that

Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.      The sources of my information and belief are documents provided to me

and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
28th day of August, 2009

_____
Notary Public

BARBARA WALSH
Notary Public, State of New York
No. 01WA4925486
Qualified in Queens County
Commission Expires August 15, 2010

133027.00601/6773580v.1                    6

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSCO (GUANGDONG) SHIPYARD CO., LTD.,<br><br>                    Plaintiff,<br><br>          v.<br><br>KYODO CORPORATION,<br><br>                  Defendant. | 09 Civ.<br><br>**AFFIDAVIT UNDER**<br>**<u>SUPPLEMENTAL RULE B</u>** |

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF NEW YORK  )

      JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant KYODO CORPORATION, a company organized and existing under the laws of Japan, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.      The defendant is not incorporated or registered to do business in this State.

3.      Under my supervision, my office did an on-line search of the New York State Secretary of State, Division of Corporations and Transportation Tickler, telephone assistance in New York City and the internet Yellow Pages.

4.      In our search, we did not find any listing or reference to defendant in this district or state. In the circumstances, I believe the defendants cannot be "found" within this district.

5.      We have been advised that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically. I respectfully request that the Court appoint Michael Watson, or any other person appointed by Blank Rome LLP who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment and supplemental process on the garnishees named in Schedule A to the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Service, or upon any other or additional garnishees as may be named in any supplemental Process of Maritime Attachment and Garnishment.

6.      I attach as Exhibit 1 hereto a copy of the ship repair contract executed by the parties dated February 4, 2009 (the "Repair Contract").

7.      I attach as Exhibit 2 a copy of the electronic fund transfer record of the first installment payment under the Repair Contract.

8.     I attach as Exhibit 3 a copy of Plaintiff's arbitration demand under the

Repair Contract.

Jeremy J.O. Harwood

Sworn to before me this
28th day of August, 2009

Notary Public

BARBARA WALSH
Notary Public, State of New York
No. 01WA4925486
Qualified in Queens County
Commission Expires August 15, 2010

133027.00601/6773754v.1

# EXHIBIT 1



# 广东中远船务工程有限公司
Tel : (0769)88282749

COSCO (GUANGDONG) SHIPYARD CO.,LTD

Fax: (0769)88280149

广东省东莞市麻冲镇大盛工业区
Da sheng Ma chong Dong guan Guang Dong   China

# FINAL AGREEMENT

ORIGINAL

Date: 2009.04.02

No.: G08404112B21

Re.:  **M.V.  KYODO PROGRESS**     (Repairing in COSCO(Guangdong) Shipyard Co., Ltd. From **Dec. 26th,2008 to March 28th, 2009**)
  **(GRT: 23495MT  POWER:10069.5KW*120 RPM  SPEED:14KNOT IMO 8010269)**

Base on negotiation between COSCO (Guangdong) Shipyard Co., Ltd. (hereafter or called Shipyard) Representative and Ship Owners (hereafter or called Owners) Representative, both sides have confirmed and came to an agreement on the following items:

Total repair bill is:      **1,040,000.00      U. S. Dollar**
Say U. S. Dollar is:   **ONE MILLION AND FORTY THOUSAND ONLY.**

Payment terms:  1)     **US$245,000.00** had been paid to shipyard by owner before ship sailing.
          2)     **US$265,000.00 shall be paid to shipyard by owners before April 28th, 2009.**
          3)     **US$265,000.00 shall be paid to shipyard by owners before May 28th, 2009.**
          4)     **US$265,000.00 shall be paid to shipyard by owners before June 28th, 2009.**

**Shipyard's bank details are:**
**Beneficiary Customer:    COSCO SHIPYARD GROUP CO., LTD.**
**Bank Name:      BANK OF CHINA DALIAN DEVELOPMENT ZONE BRANCH**
**Bank Address:     ECONOMIC & TECHNICAL DEVELOPMENT ZONE DALIAN, CHINA**
**Post Code:     116600**
**Bank Account NO.:  801522078808091014-3 (USD)**
**Swift Code:    BKCHCNBJ82H**

This agreement is the final agreement, all circumstances and conditions, including but not limited to any discounts and potential delays, have been considered by both sides when negotiation. The only remained duty is that owners shall fulfil their debit without delay.

**About repairing period, both sides agreed that ship repairing finished on Mar. 27th, 2009 and sailing on March 28th, 2009.**

This agreement is being drawn and signed in four originals only.

Signed by:                                Signed by:

02/04/09

**Zhang Xiang**                       **HARVINDER PAL SINGH**
**Commercial Manager**              **Technical Manager of NEPA PROJECTS&INVESTMENTS**
( on behalf of Shipyard—            **acting as commercial manager**
COSCO (Guangdong) Shipyard Co., Ltd.)   (on behalf of M/V Kyodo Progress and the owners
                                KYODO CORPORATION )

E-MAIL: coscogzy@cosco-shipyard.com          WEB SITE: www.cosco-shipyard.com

# EXHIBIT 2

三菱東京ＵＦＪ銀行

## 送金明細 （内容確認）

| 処理状況 | | | | | |
|---|---|---|---|---|---|
| 申請日時 | | （一次承認日時） | | 承認日時 | |
| 申請者名 | | （一次承認者名） | | 承認者名 | |

| 社内Ref.No. | | | 部課名 | |
|---|---|---|---|---|
| 取引番号 | | | 担当者名 | |

| 送金指定日 | 2009-04-20 | | ファイル名 | |
|---|---|---|---|---|

| 送金種類 | 電信送金 | | 依頼人コード | 1361647751 |
|---|---|---|---|---|
| 支払方法 | 通知払 | | 依頼人名 | KYODO CORPORATION |
| 送金区分 | 外国向け送金 | | 住所 | 5-9-3 MINAMIAZABU MINATO-KU TOKYO JAPAN |

| 受取人名 住所 | COSCO SHIPYARD GROUP CO., LTD. GUANG DONG PROVINCE 523146 CHINA |
|---|---|
| 口座番号/ IBANコード | 8015220788080091014-3 |
| 受取人 取引銀行 | SWIFT(BIC) コード  : BKCHCNBJ82H 特定 : コード BANK OF CHINA DALLAN DEVELOPMENT ZONE BRANCH 国名  : CHINA (CN) |

| 送金目的 | 0469    SHIP MANAGEMENT FEE |
|---|---|
| 許可等 | 不要 |

| 受取人宛 メッセージ | KYODO PROGRESS |
|---|---|
| 社内メモ | |

| 送金金額 | USD | 245,000.00 |
|---|---|---|
| 支払銀行手数料 負担区分 | 受取人負担 （SHA） | |

| 内訳 | 内訳金額 | | 相場区分 | 引落口座番号 | 予約番号 |
|---|---|---|---|---|---|
| (1) | USD | 245,000.00 | SPOT | 136 JPY 普通 1647751 | |
| | | | | | |
| | | | | | |

三菱東京ＵＦＪ銀行
The Bank of Tokyo-Mitsubishi UFJ, Ltd.



# EXHIBIT 3

Shanghai Sub-Commission of China Maritime Arbitration Commission

(2009) HZHZ No.449

### Arbitration Notice for Case No.MASH200941 - Disputes over Repair Contract of MV "Kyodo Progress"

Applicants: COSCO (Guangdong) Shipyard Co., Ltd.
Agents *Ad Litem*: Y.M. Lin/Benjamin Yang, Sloma & Co.

The arbitration application against the Respondents Kyodo Corporation and relevant evidence materials submitted by you on 3 August 2009 are duly received. The carbon copy of the bank slip faxed on 7 August 2009 to evidence remittance of the Rmb65,142 paid as the advance payment of the arbitration fee is duly received.

Your application is accepted by this Commission according to the arbitration clause of the ship repair contract under the *Quotation*. A notice has been served to the Respondents to request their appointment of an arbitrator as well as submission of their defenses within the set time limit.

According to Article 26 of the *Arbitration Rules* of this Commission, you are required to select your arbitrator or appoint the director of this Commission as your arbitration within 15 days upon receipt of this notice.

Please directly contact the Respondents upon receipt of this notice to select and agree on a chief arbitrator from the *Name List* of this Commission or authorize the director of this Commission to select the chief arbitrator. The Respondents and you are required to, either separately or together, notify this Commission in writing of your decision regarding the said matter. If you fail to agree on this matter, the director of this Commission will select the chief arbitrator within 15 days upon the Respondents' receipt of the arbitration notice.

A copy of the *Arbitration Rules* and the *Name List* are attached hereto for your reference.

Please mark the case number MASH200941 on all future correspondences.

Case secretary: Gu Guowei, Tel: 58200329-106

(Seal of the Shanghai Sub-Commission of China Maritime Arbitration Commission)
7 August 2009