
ORIGINAL
McKenna

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COSCO (GUANGDONG) SHIPYARD CO., LTD.,

    Plaintiff,

v.

KYODO CORPORATION,

    Defendant.

---

09-7554

09 Civ. 7554 (Lmm)

**ORDER DIRECTING CLERK TO
ISSUE PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT
AND APPOINTING PROCESS SERVER**

On August 28, 2009 Plaintiff, COSCO (GUANGDONG) SHIPYARD CO., LTD., filed a Verified Complaint in the captioned action seeking damages of **US$1,038,000** inclusive of interest, costs and, reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Supporting Affidavit of Jeremy J.O. Harwood dated August 28, 2009 and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The Affidavit of Jeremy J.O. Harwood has demonstrated [to the Court's satisfaction] that the Defendant regularly sends funds to others, which funds are routed electronically (electronic funds transfers) through New York banks.

133027.00601/6773759v.1

**ACCORDINGLY, IT IS HEREBY**

**OPTION A.**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this Order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including but not limited to funds representing electronic fund transfers <u>originated by</u> Defendant at the time of service, in an amount of up to **US$1,038,000**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**OPTION B.**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including but not limited to funds representing electronic fund transfers <u>originated by, payable to, or otherwise for the benefit of</u> Defendant at the time of service, in an amount of up to **US$1,038,000**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**OPTION A.**

**ORDERED**, that the United States Marshal or his designee shall serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and it is further

**OPTION B.**

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Jeremy J.O. Harwood, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and it is further,

**ORDERED**, that initial service by the United States Marshal (option **A**) or other designated process server (option **B**) shall be made personally upon each garnishee; and it is further,

**ORDERED**, that at the request of the garnishee, plaintiff is required to pay a reasonable fee for processing this attachment, as determined by each garnishee; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent to deem service to be effective and continuous for any period of time not

3

to exceed 60 days from the date of this order. Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED**, that following initial service as described above, if any supplemental service of the Process of Maritime Attachment and Garnishment is required, it shall be made personally, unless the garnishee consents to service by way of facsimile transmission to a fax number designated by the garnishee for that purpose. Supplemental service can also be made by e-mail or other means if consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED**, that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of an electronic funds transfer, the garnishee shall, to the extent known, advise counsel for the plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator and beneficiary as reflected in the wire transfer information, (3) any available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall be satisfied if the garnishee furnishes to the plaintiff the payment order for the funds; and it is further,

**ORDERED**, that in the event plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing whether it has arranged with defendant(s) and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or

4

obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and, upon request by plaintiff, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED**, that this Order shall automatically expire [60] or [90] days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the plaintiff shows good cause for an extension of this Order for an additional [60] days. Further [60]-day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED**, that this attachment shall automatically expire 45 days after the date of this Order unless plaintiff confirms by letter that it has commenced arbitration or other adversarial proceedings on the merits of the claims underlying the attachment. Plaintiff may request by letter an extension of the Order for an additional 45 days if it shows good cause why it has not commenced arbitration or other adversarial proceedings. In no event will the Order extend beyond 90 days where no arbitration or other adversarial proceeding has been commenced; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order by reason of the two preceding paragraphs, this Action may be dismissed without prejudice, without costs, and without further

5

900200.00001/6773759v.1

notice to any party. The plaintiff is directed to submit a letter to the Court informing it of the automatic expiration of the Order.

Dated: _____8/31/09_____

SO ORDERED:

_____
U.S.D.J.

900200.00001/6773759v.1

# **SCHEDULE A**

1. The Bank of New York
2. Bank of America
3. JP Morgan Chase
4. ABN Amro Bank
5. Barclay's Bank
6. BNP Paribas
7. Citibank
8. Deutsche Bank and/or Deutsche Bank Trust Co. Americas
9. Dresdner Bank AG
10. HSBC Bank USA
11. Wachovia Bank, N.A. - New York
12. UBS
13. Standard Chartered Bank
14. Societe Generale
15. Bank of China
16. Bank of Communications
17. Bank of Nova Scotia
18. Bank of Tokyo
19. Mitsubishi and Mitsubishi Trust & Bkg Corp.
20. BB&T
21. Brown Brothers Harriman & Co.
22. Calyon
23. Commerzbank AG
24. Habib Bank
25. KBC Bank N.V.
26. Mashreqbank PSC
27. M&T Bank
28. The Northern Trust Co.
29. State Bank of India
30. State Street Bank and Trust Company
31. Sumitumo Mitsui Banking Corp.
32. Wells Fargo Bank